<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNIVERSAL PROTECTION SERVICE, LLC, d/b/a ALLIED UNIVERSAL SECURITY SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>MUNICH AIRPORT NJ LLC,<br><br>Defendant. | Civil Action No. 23-20135 (SDW) (LDW)<br><br>**WHEREAS OPINION**<br><br>April 29, 2024 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendant Munich Airport NJ LLC's ("Defendant") filing of a motion to dismiss (D.E. 8 ("Motion")) Count II of Plaintiff Universal Protection Service, LLC, d/b/a Allied Universal Security Services' ("Plaintiff") Amended Complaint (D.E. 4 ("Amended Complaint")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and this Court having reviewed the parties' submissions and the Amended Complaint for sufficiency pursuant to Rule 12(b)(6); and

**WHEREAS** in July of 2022, the parties entered into an agreement (the "Agreement") for the provision of security services at the Newark Liberty International Airport in Newark, New Jersey. (D.E. 4 ¶¶ 21–24.) Generally, Schedule 3 of the Agreement prescribed the scope of the services Plaintiff was to provide, and Schedule 4 set forth the compensation Plaintiff would receive from Defendant for furnishing such services. (*Id.* ¶¶ 26, 29–30.) More specifically, Plaintiff was required to meet certain of Defendant's security needs by, among other things, allocating a total

of 4,992 work hours per week throughout 15 different security positions[1]. (*Id.* ¶ 25.) Plaintiff further agreed to always supply "additional personnel . . . at no additional cost" if "the need ar[o]se" to meet "the required standards of service." (D.E. 10-1 at 25.)[2] The Agreement could "only be amended, modified, or supplemented by an agreement in writing signed by each party." (*Id.* at 16); and

WHEREAS Plaintiff alleges that a dispute arose between the parties on February 21, 2023, when Defendant's representatives, Stefan Fornasier and JP Tabet, sent a letter to John Petruzzi, the former Mid-Atlantic Region President for Plaintiff, claiming that Plaintiff was not meeting its obligations under the Agreement. (D.E. 4 ¶ 34.) Thereafter, the parties exchanged a series of letters setting forth their respective positions in the dispute. According to Mr. Petruzzi, Defendant had previously asked Plaintiff to provide an extra 1,512 work hours per week as well as additional services, and that is what Plaintiff did. (*Id.*) Mr. Fornasier countered by explaining that Plaintiff had fallen short of performing the full scope of services required by the Agreement and thus was bound by the Agreement "to supplement the required hours at its own cost with no additional fees chargeable to [Defendant]." (D.E. 10-1 at 32–35.) Plaintiff now claims that Defendant owes it $3,154,284.65 for unpaid services. (D.E. 4 ¶ 93); and

WHEREAS Plaintiff filed the complaint in this action on September 11, 2023, asserting claims for breach of contract (Count I) and unjust enrichment (Count II). (D.E. 1.) On October 19, 2023, Plaintiff filed the Amended Complaint in which it alleges the same two claims. (D.E.

---

[1] The 15 positions are defined in Schedule 4 of the Agreement. (D.E. 10-1 at 27.)

[2] A district court considering a motion to dismiss pursuant to Rule 12(b)(6) may rely on the complaint and documents "integral to or explicitly relied upon in the complaint." *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020)).

4.)  On November 8, 2023, Defendant moved to dismiss Count II.  (D.E. 8.)  The parties timely completed briefing.  (D.E. 8, 9, 14, 15); and

**WHEREAS** an adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"); and

**WHEREAS** in considering a motion to dismiss pursuant to Rule 12(b)(6), a district court must conduct a three-step analysis.  First, it must "tak[e] note of the elements a plaintiff must plead to state a claim." *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (alteration in original) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  Second, the court "disregard[s] threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Id.* (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).  Third, the court assumes the veracity of all well-pleaded factual allegations, "constru[es] them in the light most favorable to the plaintiff, and draw[s] all reasonable inferences in the plaintiff's favor." *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022). "If, after completing this process, the complaint alleges 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements of a claim, then it plausibly pleads a claim." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 556).  If, however, the "well-pleaded facts do not permit the court to infer more than the mere possibility of

3

misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); and

**WHEREAS** under New Jersey law, "[q]uasi-contract liability will not be imposed . . . if an express contract exists concerning the identical subject matter. The parties are bound by their agreement, and there is no ground for implying a promise as long as a valid unrescinded contract governs the rights of the parties." *Suburban Transfer Serv., Inc. v. Beech Holdings, Inc.*, 716 F.2d 220, 226–27 (3d Cir. 1983) (collecting cases). Moreover, "regardless of whether the contract's express terms address the exact issue underlying the unjust enrichment claim," a claim for unjust enrichment is foreclosed if it concerns the same subject matter as the contract. *Rivard v. Trip Mate, Inc.*, No. 22-1554, 2023 WL 2624721, at *2 (3d Cir. Mar. 24, 2023); and

**WHEREAS** Plaintiff's unjust enrichment claim concerns the identical subject matter as the Agreement, and accordingly, the claim is foreclosed. To be sure, the unambiguous terms of the Agreement specifically set forth the scope of the services that Defendant was to furnish; the hours Defendant and its agents were to work; the requirement that, "[s]hould the need arise (in the reasonable opinion of [Defendant]) to assign additional personnel[] to provide the required standards of service," Plaintiff was to assign the additional personnel "at no additional cost to [Defendant]"; and the means by which the parties could amend or modify the Agreement. (D.E. 10-1 at 16, 25, 27.) Plainly, Plaintiff's unjust enrichment claim—which seeks compensation for purported additional services and extra hours it provided—concerns the same subject matter as the Agreement, and consequently, it must be dismissed[3]; therefore

---

[3] Plaintiff spills considerable ink arguing that the "additional services" that Defendant requested were not within the scope of the services contemplated in the Agreement and, thus, do not concern the identical subject matter as the Agreement. Plaintiff's argument is unpersuasive. As an initial matter, neither the Amended Complaint nor the exhibits attached thereto indicate what, if any, additional services Defendant allegedly requested. In any event, to the extent the purported additional services concerned the same subject matter as the Agreement—*i.e.*, the provision of security services to Terminal A—a claim for unjust enrichment based on those additional services would be precluded. *See Rivard*, 2023 WL 2624721, at *2 (explaining that "'subject matter' sweeps more broadly than a contract's express

Defendant's Motion is **GRANTED** and Count II of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.  An appropriate order follows.

          /s/ Susan D. Wigenton    
**United States District Judge**

Orig:   Clerk  
cc:     Parties  
        Leda D. Wettre, U.S.M.J.

---

terms," and that New Jersey law "foreclose[s] unjust enrichment claims when the contract and the claim concern the same 'subject matter,' even if no express term governs the exact issue in question").